UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 11, 2013

LETTER TO COUNSEL:

    RE: *Candice Diesel v. Commissioner of Social Security*
         Civil No. SAG-12-669

Dear Counsel:

    On March 2, 2012, the Plaintiff, Candice Diesel, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance benefits and Supplemental Security Income. I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15.) I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. This letter explains my rationale.

    Ms. Diesel filed her claims on May 4, 2009. (Tr. 157-69). Her claim was denied initially and on reconsideration (Tr. 62-69, 75-78). A hearing was held on February 14, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 30-57). On February 23, 2011, the ALJ found that Ms. Diesel was not disabled during the relevant timeframe. (Tr. 16-25). The Appeals Council denied Ms. Diesel's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Diesel suffered from the severe impairments of bipolar disorder, anxiety order, and cocaine dependence. (Tr. 18). However, the ALJ found that these impairments, singularly or in combination, do not meet one of the listed impairments in the pertinent CFR provisions. (Tr. 19-20). The ALJ also found that Ms. Diesel had the residual functional capacity to perform a full range of work at all exertional levels, subject to the limitations that she could carry out only routine instructions; could tolerate only superficial contact with supervisors, co-workers, and the public; would experience brief episodes of inattention of less than one to two minutes at a time; and required low-stress jobs defined as no production rate pace, little judgment required, and little change in job setting. (Tr. 20). The ALJ determined that there were jobs that exist in significant numbers in the national economy that Ms. Diesel can perform. (Tr. 24-25).

*Candice Diesel v. Commissioner of Social Security*
Civil No. SAG-12-669
April 11, 2013
Page 2

Ms. Diesel argues on appeal that the ALJ did not give sufficient deference to the medical opinions of Ms. Diesel's treating physicians and that, if the ALJ had done so, she would have found that Ms. Diesel's impairments met a "listing" or that Ms. Diesel did not have a residual functional capacity to perform a full range of work. As to the listing issue, Ms. Diesel specifically argues that the ALJ erred in finding that Ms. Diesel's mental impairments did not satisfy the "paragraph B" criteria of Listings 12.04 and 12.06.[1] To satisfy the "paragraph B" criteria, a claimant must show that her impairment resulted in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 23 CFR Part 404, Subpart P, App. 1, §§ 12.04 and 12.06.

The ALJ found that Ms. Diesel did not meet these criteria because her impairments caused only mild restriction of activities of daily living; moderate difficulties in maintaining social functions; moderate difficulties in maintaining concentration, persistence, or pace; and only one or two episodes of extended-duration decompensation. The ALJ's finding was supported by substantial evidence. As to the daily living issue, the evidence demonstrates that Ms. Diesel could perform personal care tasks, clean, cook, care for her two young children, shop, wash laundry, go out alone, read, and watch television. (Tr. 41, 43-44, 218-21). With regard to social functioning, the evidence demonstrated that Ms. Diesel went out shopping with others, talked on the phone, and went out with others socially. (Tr. 221). As noted by the ALJ (Tr. 19), the evidence also did not indicate that Ms. Diesel had any serious incidents with family, friends, co-workers, or supervisors. The evidence further shows that Ms. Diesel has sought to strengthen her social life and that most of her social anxiety related to her unstable relationship with her abusive boyfriend. (Tr. 42, 488, 490-95, 550, 554-55). As to the "concentration, persistence, or pace" issue, Ms. Diesel's periodic mental status examinations showed unremarkable and appropriate findings. (Tr. 405, 408, 413, 463, 469-89, 543, 549). Finally, as to decompensation, the evidence showed that Ms. Diesel was hospitalized only twice during the relevant period, in March 2007 and in August 2007. (Tr. 336-50, 375-81). The evidence reflected that after these hospitalizations, Ms. Diesel's condition substantially improved. (Tr. 406, 407, 409, 412, 463, 476, 480, 482, 484, 533-38, 543, 548, 550, 552, 554, 556, 558, 559, 563, 568).

The findings made by the ALJ mirrored the opinions of P. Woods, Ph.D., a State Agency psychological consultant, and Aron Suansilppongse, M.D., a State Agency medical consultant (Tr. 497-508, 511-13, 523-29). State agency medical sources are "highly qualified physicians,

---

[1] Ms. Diesel also contends that the ALJ erred in finding that Ms. Diesel's impairments did not meet or exceed the criteria for substance addiction disorders in Listing 12.09. Listing 12.09, however, simply lists certain disorders associated with substance abuse and cross-references the other listings, including Listings 12.02 and 12.04, that should be used to evaluate those impairments. Ms. Diesel does not identify any specific disorders caused by her past substance abuse, and the ALJ properly evaluated Ms. Diesel's impairments under Listings 12.02 and 12.04.

psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ found that the opinions express by Dr. Woods and Dr. Suansilppongse were consistent with the overall record.

For the same reasons, the ALJ's finding as to Ms. Diesel's residual functional capacity was supported by substantial evidence. To the extent that Ms. Diesel's claim is based upon the ALJ's failure to assign controlling weight to the opinion of Dr. Charito Howard as her treating physician, her argument fails. Dr. Howard, a psychiatrist who treated Ms. Diesel approximately twice at Community Behavioral Services, Inc., expressed an opinion that was inconsistent with other treatment notes in the record, made by individuals who regularly treated Ms. Diesel. Those treatment notes reflected that Ms. Diesel frequently presented with a positive mood and controlled behavior (Tr. 469, 476, 533, 543, 554, 565, 584), that Ms. Diesel was oriented with a normal appearance and consistently denied experiencing hallucinations or delusions (Tr. 469, 476, 534, 536, 543, 556, 565), that Ms. Diesel's judgment was frequently described as "fair," "good," or "ok," and that her thought process was frequently described as "clear," "coherent," or "ok" (Tr. 406, 407, 469, 471, 476, 484, 494, 552, 559, 568, 571). A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, given the limited number of examinations by Dr. Howard, the ALJ was justified in assigning little weight to his opinion. *See* 20 CFR § 404.1527(c)(2)(i) ("When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.").

In sum, the ALJ's analysis of the issues in this case in her written opinion was impartial and dispassionate, and her findings were supported by substantial evidence. Remand is therefore unwarranted.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,


Stephanie A. Gallagher
United States Magistrate Judge